IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR WINSKI COMPANY, INC. d/b/a LAFAYETTE STEEL & ALUMINUM, <br><br> Plaintiff, <br> v. <br><br> MIDLAND STAMPING AND FABRICATING CORPORATION, <br><br> Defendant. | CASE NO.: 19-cv-6976 |

**AMENDED COMPLAINT**

Plaintiff Oscar Winski Company, Inc., d/b/a Lafayette Steel & Aluminum ("LSA"), for its Amended Complaint against Defendant Midland Stamping and Fabricating Corporation ("Midland"), alleges as follows:

**NATURE OF THE LAWSUIT**

1. This action arises out of Defendant Midland's failure to pay $628,591.63 in invoices due and owing to Plaintiff LSA for shipments of sheet metal from LSA to Midland. In this diversity action, LSA asserts claims for 1) an account stated for the agreed upon and unpaid invoices in the amount of $628,591.63 and 2) unjust enrichment based on Midland's beneficial retention of the shipments of steel from LSA to Midland.

**PARTIES**

2. Plaintiff Oscar Winski Company, Inc. d/b/a Lafayette Steel & Aluminum is an Indiana Corporation with its principal place of business at 2407 N. 9th Street, Lafayette, Indiana 47903.

3. Defendant Midland Stamping and Fabricating Corporation ("Midland") is a Delaware Corporation with its principal place of business at 9521 Ainslie Street, Schiller Park, IL 60176.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over LSA's claims in this action in this action pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship, because the amount in controversy is in excess of $75,000 and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant Midland resides in this judicial district.

## ALLEGATIONS COMMON TO ALL ACCOUNTS

6. LSA fabricates and sells a wide variety of steel and aluminum products including standard stock items and custom manufactured products.

7. Midland is a customer of LSA and orders sheet metal products from LSA.

8. When Midland orders products from LSA, LSA invoices Midland for the sale price of the order with the expectation and understanding that the invoice will be paid by Midland.

9. An example of an invoice from LSA to Midland for the purchase of sheet metal is attached as Exhibit 1.

10. Prior to January 30, 2019, LSA regularly shipped products and sent invoices to Midland, which were paid by Midland. These prior transactions created a course of dealing between the parties, and an expectation on the part of LSA, that invoices for sales could be sent to Midland and they would be timely paid by Midland.

11. On January 30, 2019 and continuing until May 13, 2019, LSA continued to ship products to Midland and invoice Midland for the shipments. A list of LSA shipments to Midland invoiced from January 30, 2019 to May 13, 2019 is as follows:

| Invoice | Invoice Date | Due Date | Amount |
|---|---|---|---|
| LS0045563 | 1/30/19 | 3/1/19 | $27,407.45 |
| LS0046711 | 2/7/19 | 3/9/19 | $12,479.04 |
| LS0046717 | 2/7/19 | 3/9/19 | $7,077.60 |
| LS0046741 | 2/7/19 | 3/9/19 | $5,717.28 |
| LS0047084 | 2/11/19 | 3/13/19 | $27,545.59 |
| LS0047399 | 2/12/19 | 3/14/19 | $12,303.90 |
| LS0047419 | 2/12/19 | 3/14/19 | $10,618.78 |
| LS0048041 | 2/15/19 | 3/17/19 | $22,742.46 |
| LS0048178 | 2/19/19 | 3/21/19 | $10,897.74 |
| LS0048411 | 2/19/19 | 3/21/19 | $12,918.84 |
| LS0048421 | 2/19/19 | 3/21/19 | $27,327.40 |
| LS0049277 | 2/25/19 | 3/27/19 | $15,995.07 |
| LS0049371 | 2/25/19 | 3/27/19 | $7,077.60 |
| LS0049699 | 2/27/19 | 3/29/19 | $20,336.47 |
| LS0049939 | 2/28/19 | 3/30/19 | $27,472.86 |
| LS0050192 | 3/4/19 | 4/3/19 | $26,146.56 |
| LS0050523 | 3/5/19 | 4/4/19 | $22,449.35 |
| LS0051007 | 3/7/19 | 4/6/19 | $7,779.75 |
| LS0051011 | 3/7/19 | 4/6/19 | $3,111.36 |
| LS0051017 | 3/7/19 | 4/6/19 | $6,964.32 |
| LS0051049 | 3/7/19 | 4/6/19 | $4,160.08 |
| LS0052239 | 3/15/19 | 4/14/19 | $22,548.08 |
| LS0052823 | 3/20/19 | 4/19/19 | $1,555.68 |
| LS0052863 | 3/20/19 | 4/19/19 | $23,888.68 |
| LS0053465 | 3/25/19 | 4/24/19 | $27,068.21 |
| LS0053604 | 3/25/19 | 4/24/19 | $21,638.10 |
| LS0054745 | 4/2/19 | 5/2/19 | $2,502.15 |
| LS0054765 | 4/2/19 | 5/2/19 | $18,873.60 |
| LS0055389 | 4/4/19 | 5/4/19 | $23,810.24 |
| LS0055417 | 4/4/19 | 5/4/19 | $5,358.96 |
| LS0055423 | 4/4/19 | 5/4/19 | $17,299.82 |
| LS0057489 | 4/18/19 | 5/18/19 | $11,796.00 |
| LS0057517 | 4/18/19 | 5/18/19 | $9,740.52 |
| RCN0000269 | 4/20/19 | 5/20/19 | -$1,555.68 |
| LS0058793 | 4/29/19 | 5/29/19 | $21,095.76 |
| LS0058801 | 4/29/19 | 5/29/19 | $22,894.32 |
| LS0058971 | 4/30/19 | 5/30/19 | $22,353.70 |

4849-6021-7264, v. 2

| | | | |
|---|---|---|---|
| LS0060191 | 5/7/19 | 6/6/19 | $19,012.19 |
| LS0060543 | 5/9/19 | 6/8/19 | $20,561.96 |
| LS0061007 | 5/13/19 | 6/12/19 | $19,619.84 |
| | | | **$628,591.63** |

12. For each invoice listed in Paragraph 11, LSA delivered all products as promised in the invoice, and LSA and no complaints or objections to the products delivers.

13. Midland has failed to pay the invoices listed in Paragraph 11.

14. The total of the unpaid invoices listed in Paragraph 11 Midland is $628,591.63.

15. LSA has requested payment from Midland for the unpaid invoices, but Midland has not provided payment.

## COUNT 1 – ACCOUNT STATED

16. LSA incorporates the allegations contained in Paragraphs 1 to 15 as if fully set forth herein.

17. As set forth above, prior to January 30, 2019, LSA provided products to Midland and submitted invoices to Midland for payment for the products.

18. Midland received the invoices from LSA and submitted payments to LSA for the products invoiced. These prior transactions created a debtor-creditor relationship between Midland and LSA.

19. From January 30, 2019 to May 13, 2019, LSA submitted invoices to Midland, as specifically listed in Paragraph 11. (Collectively, "unpaid invoices")

20. The total of the unpaid invoices is $628,591.63.

21. Midland did not object to any of the unpaid invoices.

22. Midland's failure to object to the unpaid invoices created an express or implied agreement that the amount invoiced was correct.

4

23. Midland's failure to object to the unpaid invoices created an express or implied to promise to pay the amount due on each invoice.

24. Midland has not paid the amounts due on the unpaid invoices.

25. As a result, LSA has been damaged in the amount of $628,591.63.

THEREFORE, LSA requests judgment against Midland in the amount of $628,591.63 plus costs and expenses incurred as a result of Midland's nonpayment of the account, including attorney fees, and for all other just and proper relief.

## COUNT II – UNJUST ENRICHMENT

26. LSA incorporates the allegations contained in Paragraphs 1 to 25 as if fully set forth herein.

27. LSA conferred a measurable benefit upon Midland, namely, providing $628,591.63 worth of sheet metal product to Midland.

28. Midland received the benefit of LSA's shipment of the sheet metal products, including the retention of the products without payment, and the further use, fabrication and sale of the products by Midland.

29. Midland received the benefit of LSA's shipment of the sheet metal products without payment to LSA, making Midland's retention of such benefits without payment to LSA unjust.

THEREFORE, LSA requests judgment against Midland in an amount in excess of $628,591.63 representing the benefit that Midland received from retention of the products without payment, plus costs and expenses incurred as a result of Midland's unjust enrichment, including attorney fees, and for all other just and proper relief.

4849-6021-7264, v. 2

Date: January 6, 2020 /s/ Anthony E. Dowell
Anthony E. Dowell, #24041-79
GUTWEIN LAW
250 Main Street, Suite 590
Lafayette, IN 47901
Phone: 765.423.7900
Facsimile: 765.423.7901
anthony.dowell@gutweinlaw.com

**ATTORNEYS FOR PLAINTIFF
LAFAYETTE STEEL AND ALUMINUM**

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on today's date I filed the foregoing AMENDED COMPLAINT via the Court's ECF filing system, whereupon all counsel of record were served via electronic mail:

> Timothy R. Herman
> Clark Hill PLC
> 130 E. Randolph Street, Suite 3900
> Chicago, IL 60601
> therman@clarkhill.com

Date: January 6, 2020 /s/ Anthony E. Dowell_____